**STATE of Missouri, Respondent,**

**v.**

**Edgar J. HERMAN, Appellant.**

**No. 44607.**

Supreme Court of Missouri.

Division No. 1.

June 13, 1955.

COIL, Commissioner.

Edgar J. Herman, herein called defendant, was convicted of robbery in the first degree and sentenced to five years in the penitentiary in accordance with a jury verdict. He has filed no brief on his appeal, so that we examine the assignments of error in his motion for new trial.

Defendant first contends that the trial court should have sustained a motion for judgment of acquittal for the reason that the state's evidence was insufficient to prove the corpus delicti independent of defendant's oral admissions. Defendant offered no evidence save such as appeared in a stipulation of facts.

All the evidence, including the stipulation entered into by the state and the defendant, considered most favorably from the standpoint of the state, justifies this statement. On July 2, 1946, the Western Union Telegraph Company office in Joplin, Missouri, was robbed by Virgil Heickert who, in committing the robbery, put two agents of that company in fear of immediate injury to their persons by the use of a revolver, and who took from the cash drawer of that company, in the presence of the agents, and from the person of one of the agents, a total sum in excess of $160.

In August 1946, defendant orally stated to St. Louis police officers: that he (defendant), Virgil Heickert, and "Doc" Coler had planned to and did rob the Western Union office in Joplin in July 1946; that Heickert entered the office with the revolver and took the money; that Coler acted as "lookout"; that he (defendant) drove the automobile, which he parked near the office and in which the three left the scene; and that the money obtained was divided among them.

The corpus delicti was proved independently of defendant's oral admissions. It was proved when evidence was adduced that the robbery as charged did occur by someone's criminal agency. State v. Hawkins, Mo.Sup., 165 S.W.2d 644, 646 [6, 7].

Max Patten, Jr., Joplin, for appellant.

John M. Dalton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., for respondent.

The proof was such that the jury could find, wholly independent of any admission on the part of defendant, that Virgil Heickert committed robbery in the first degree on the date and in the manner charged in the information. Once the corpus delicti was shown by proof other than defendant's confession or admission, defendant's oral admissions were admissible and, if believed, completed the case against him. State v. Hawkins, supra, 165 S.W.2d 646 [8].

■ Defendant next contends that the offense of robbery in the first degree was not proved because the evidence was insufficient to show that a person or persons "were put in fear of their life or great bodily harm by the defendant or an alleged accomplice." There is obviously no merit in this contention. The stipulation was in part "that a man entered said establishment armed with a .45 caliber revolving pistol, and put in fear the said [named employees and agents of the Western Union Telegraph Company] and then and there did rob the cash drawer of said corporation of the sum of $160.38", etc. By the terms of the stipulation, the recited facts were to be considered as though they had been stated in evidence by witnesses. Consequently, the jury could infer (and no other reasonable inference seems possible) from the words "and put in fear" that said individuals were put in fear of "some immediate injury to his or her person." Section 560.120 RSMo 1949, V.A.M.S.

■ Defendant's third assignment in his motion for new trial is that the court "failed to instruct as follows, or words to that effect." Then follows an instruction which, as we interpret it, was one intended to inform the jury that confessions should be received with caution, especially when not supported by facts and circumstances corroborative of the truth of the statements allegedly made. No instruction of any kind was offered or requested by the defendant at the trial. There was no question in the case concerning the voluntariness of the oral admissions made by defendant to police officers, nor was the fact that they were made denied by defendant. The instruction suggested by defendant for the first time in his motion for new trial was not one on a question of law necessary for the guidance of the jury in returning its verdict and thus not one required to be given. 42 V.A.M.S. Supreme Court Rules, rule 26.02(6); State v. Koch, 322 Mo. 106, 120, 16 S.W.2d 205, 211 [10, 11]. The trial court did not err in failing to prepare and give of its own motion an instruction on the subject suggested in defendant's motion for new trial. State v. Martin, Mo.Sup., 260 S.W.2d 536, 547 [13, 14].

What we have said heretofore effectively disposes of these two remaining assignments in the motion for new trial: "That the court erred in giving instruction No. 2 for the reason that there was no proof of fi[r]st degree robbery" and "That the Court erred in failing to instruct on the admissibility of extrajudicial statement."

■ We have reviewed those record matters which we review irrespective of a motion for new trial and find no error in them prejudicial to defendant. The amended information was in proper form. It contained all the essential elements of robbery in the first degree and charged defendant as a principal and as an aider and abettor. Sections 556.170 and 560.120 RSMo 1949, V.A.M.S. One who assists in the commission of a robbery by preparing for or assisting in the escape of his companions aids and abets in the commission of the offense and may be convicted as a principal. State v. Reich, 293 Mo. 415, 423, 239 S.W. 835, 837 [4, 5]; State v. Wood, Mo.Sup., 285 S.W. 737, 738 [1, 2]; State v. Roderman, 297 Mo. 143, 148, 248 S.W. 964, 965 [2].

■ Defendant was arraigned, entered a plea of not guilty, and was present throughout the trial. The verdict of the jury was as follows: "We, the jury find the defendant guilty of robbery in the first degree in the manner and form as charged in the information and assess his punishment at (Five years)". The verdict omitted the words "in the penitentiary." No objection was made to the verdict at the time it was returned and it is clear that the noted omission could

not affect the meaning of the verdict. It was responsive to the information. The punishment assessed was within the limits prescribed for robbery in the first degree. Section 560.135 RSMo 1949, V.A.M.S. Defendant was accorded allocution and the judgment and sentence conform to the requirements of law.

The judgment is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.