STATE of Missouri, Respondent,

v.

Robert Eugene LYLE, Appellant.

No. 58195.

Supreme Court of Missouri,
Division No. 2.

July 22, 1974.

John C. Danforth, Atty. Gen., Mark D. Mittleman, Asst. Atty. Gen., Jefferson City, for respondent.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

STOCKARD, Commissioner.

Pursuant to a written waiver of his right to trial by jury, Robert Eugene Lyle was tried by the Circuit Court of Jackson County, Missouri, and found guilty of the murder of Joetha Lewis. The sentence was life imprisonment, and he has appealed presenting only one issue: the voluntariness of his confession.

Appellant's automobile was seen near the place where Joetha Lewis was murdered. He lived in Kansas City, Kansas, and when he was notified that the police were looking for him, he went to the police, waived extradition, and was then taken to the Kansas City, Missouri Police Department. While there he signed a written confession in which he admitted that he struck Joetha Lewis on the head with a hammer, and then strangled her with a rope.

At the trial appellant objected to the admission in evidence of his confession, and a hearing on the issue of the voluntariness of the confession was held. Appellant did not offer any evidence on the merits of the charge against him, but he did testify at that part of the proceedings pertaining to the voluntariness of his confession, and we note that he affirmatively stated that the facts recited in his confession were true.

Although appellant claimed that the police did not give him the "Miranda" warnings, he does not claim that he was not aware of those rights, and he admitted that he knew he did not have to make a statement. He identified his signed waiver of the "Miranda" warnings. He does not contend that he was denied the right to confer with counsel. Shortly after he arrived at the Kansas City, Missouri, police station he was permitted to call a lawyer by the name of Anthony Russo, and later in the day the police sent an automobile to bring Mr. Russo to the police department so he could confer with appellant. In his testimony at the hearing on the motion to suppress his confession, appellant affirmatively stated that he made no incriminating statement until after he conferred with Mr. Russo, and Mr. Russo testified that after he conferred with appellant as to whether he should make a statement, he "left it up to him and his wife," and that after they talked about it, appellant "made up his mind that he wanted to give them a statement and clear it up." Appellant admitted that he was not threatened, and that the police did not "verbally or physically" abuse him. He does contend that his truthful confession was induced by a promise that he would receive hospitalization as a sexual psychopath. This was denied by those he contends made the inducement.

When the voluntary character of a confession is challenged, as here, it is the duty of the court to conduct a preliminary hearing to determine whether the confession is admissible in evidence. The court hears the evidence on the mixed question of law and fact and weighs the evidence. State v. Hunter, 456 S.W.2d 314 (Mo. 1970). If the evidence shows that the confession was not voluntarily given the court must exclude it. In this case the evidence did not conclusively show that the confession was involuntary. At most, there was conflicting evidence, but even if the testimony of appellant is believed, it was a disputed issue whether involuntariness was to be inferred therefrom. Under these circumstances there is no occasion to set forth the testimony, and precisely delineate the conflicts. The trial court resolved the factual issue, and from a consideration of all the evidence it found that the confession was voluntary. There is more than ample evidence to support that conclusion, and in these circumstances the scope of our review does not call for us to substitute our judgment for that of the trial court who had the opportunity to view the witnesses and hear their testimony. The judgment of the trial court is not clearly erroneous.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.