**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jake FIELDS, Defendant-Appellant.**

**No. 36729.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 6, 1976.

James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant-appellant Jake Fields (hereinafter referred to as defendant) was convicted by a jury of burglary second degree, § 560.070, RSMo 1969, on November 26, 1974. The trial court found defendant guilty of a prior felony conviction and sentenced him to six (6) years imprisonment pursuant to § 556.280, RSMo 1969. Defendant appeals claiming that the trial court erred in overruling his motion to suppress his statements to the police. We affirm.

Defendant was arrested by officers of the St. Louis Police Department at approximately 11:30 P.M. on December 28, 1973, in the 300 block of Gratiot Street. The arrest was in connection with a burglary at Lois' Bar and Cafeteria located at Third and Gratiot Street. Defendant was given the

*Miranda* warnings at the time of his arrest. He was then detained overnight at the central hold-over facility of the police department. The following morning defendant was taken from the hold-over to the detective bureau for interrogation. The questioning of defendant concerned a burglary which had occurred on the previous evening at the Crunden Martin Manufacturing Company. The Crunden Martin Manufacturing Company is located across the street from Lois' Bar and Cafeteria. The police had been unaware of this second burglary until informed of it by some Crunden Martin employees who made the discovery on the morning of December 29, 1973. Defendant was again given the *Miranda* warnings and during the subsequent questioning confessed to having committed the burglary at Crunden Martin. It was for the Crunden Martin burglary that defendant was tried and convicted.

Prior to trial defendant moved to suppress the statements on the grounds "that they were made involuntarily, that they are the fruit of an illegal arrest, that they were made without adequate advice concerning defendant's right to counsel and his right to remain silent, or that they were made without an intelligent waiver of his rights." After the hearing, during which defendant introduced evidence concerning the circumstances of the making of the statements, the motion was overruled. At trial the statements were introduced without objection during the testimony of two state witnesses, Detectives Clifton and Marcinkiewicz. Defendant's motion for a new trial stated that the trial court had erred in overruling the motion to suppress his statements since they ". . . were made without an intelligent waiver of his constitutional rights and were made involuntarily."

On appeal, defendant claims that the admission of his statements to the police was a violation of his Fourth Amendment rights. Defendant had not been arrested for the Crunden Martin burglary, and there was no probable cause for his arrest or detention on that charge. Therefore, citing *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), defendant claims that his confession was the result of an illegal seizure in violation of his Fourth Amendment rights and should have been excluded as "fruit of the poisonous tree."

◼ Defendant has not properly preserved this issue for review. The Missouri Supreme Court has stated the requirements for preservation thusly:

"Our rule is that constitutional questions must be raised in the trial court at the earliest opportunity consistent with orderly procedure; they may not be raised for the first time in the appellate court. The defendant in a criminal case, if he proposes to raise a question pertaining to the violation of such right, must object to the introduction of his confession or admission clearly and specifically stating his constitutional grounds for the objection; otherwise, the introduction of his confession or admission will not be sufficient basis for an assignment of error in his motion for new trial. His motion for new trial must present and direct the trial court's attention to his trial objections by clearly stating with particularity his constitutional grounds. In other words, his constitutional grounds for objection must be kept alive and preserved throughout the case. . . ." *State v. Meiers*, 412 S.W.2d 478, 481 (Mo. 1967) (see also *State v. Rutledge*, 524 S.W.2d 449, 455 (Mo.App.1975) and *State v. Larkins*, 518 S.W.2d 131 (Mo.App.1974).

In the present case, defendant's motion to suppress was vague, stating legal conclusions rather than facts. It alleged that his statements were "the fruit of an illegal arrest," but did not indicate what aspect of the arrest was claimed to be illegal. Nor did he present any evidence on this issue at the hearing. At trial, defendant failed to object in any manner to the introduction of the challenged testimony. Defendant's motion for a new trial did not even mention the ground on which he now claims error; it alleged error in admitting the evidence on the ground that the confession was made without proper waiver and therefore invol-

untary. The contention that the statements were the product of an illegal arrest was never properly before the trial court. Therefore, defendant may not raise this issue for the first time on appellate review.

While defendant has not requested that we invoke review under the "plain error" rule, Rule 27.20(c), we consider some discussion of the merits of his rather unique claim to be necessary. As noted above, defendant is claiming a violation of his Fourth Amendment rights, particularly the right to be free from arrest in the absence of probable cause. It is not at all clear from defendant's motion to suppress his statements that he is raising a Fourth Amendment claim rather than a Fifth Amendment *Miranda*-type violation. Defendant does not claim that his original arrest was in any way unlawful, but, rather, that there was no probable cause for his "arrest and detention" for the Crunden Martin burglary. Defendant relies on the recent United States Supreme Court decision of *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), which held that the giving of the *Miranda* warnings, by themselves, are not enough to dissipate the taint of an unlawful arrest, with the result that a confession would be excluded from evidence under the *Wong Sun* doctrine.

■ Defendant's argument fails because, unlike the *Brown* case, defendant's arrest and detention were not illegal. Defendant's original arrest and detention were proper and constituted no violation of his Fourth Amendment rights. Defendant makes no claim that the original arrest lacked probable cause. Defendant was given the *Miranda* warnings both at the time of his arrest and before questioning. He has shown no violation of his Fifth Amendment rights and has claimed none on appeal. Defendant's entire claim revolves around his assertion that, prior to custodial questioning about any crime other than the one for which he was arrested, the police are required not only to establish probable cause but also to rearrest him for that other crime. Defendant's proposed rule would not protect his Fourth Amendment rights,

as he was already in custody subject to a valid arrest. Nor would it serve to protect his Fifth Amendment rights. Defendant's position would seem to require that the police arrest persons before they question them. The police may question individuals whether or not they are under arrest, but once the individual is under a custodial type arrest he must be given his *Miranda* warnings. These warnings, which defendant received, do not claim that the use of any statement made by defendant will be confined to the charge for which he was arrested.

The recent Supreme Court case of *Michigan v. Mosley*, decided Dec. 9, 1975, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313, involved similar circumstances. There the defendant was arrested without a warrant for robbery. He was given the *Miranda* warnings and stated a desire not to answer any questions. The police immediately ceased the interrogation. About two hours later he was given the warnings again and was questioned concerning a murder to which he confessed. The court held this confession to be admissible. While the specific claim before the court was an alleged violation of the defendant's Fifth Amendment rights by the continued questioning, the court found nothing improper in the police questioning an individual, being held under a valid arrest, about crimes other than that for which he was arrested.

The Eighth Circuit case of *Young v. United States*, 344 F.2d 1006 (1965), upheld the admission of a confession given to F.B.I. agents on a federal charge after the defendant was in custody on a state charge.

Defendant's claim, if it had been preserved for appeal, would fail as he has shown no violation of his Fourth Amendment rights which would be a basis for invoking the exclusionary rule. We conclude that the admission of defendant's statements to the police did not constitute error, much less plain error. The judgment of the trial court is affirmed.

WEIER, P. J., and RENDLEN, J., concur.