STATE of Missouri,
Plaintiff-Respondent,

v.

Steven Lee HARRIS,
Defendant-Appellant.

No. 11345.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 11, 1980.

David R. Fielder, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Paul R. Otto, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Chief Judge.

In this jury-waived case, the trial court found defendant guilty of robbery in the first degree by means of a dangerous and deadly weapon, (§ 560.135 RSMo 1969), and imposed a punishment of 15 years' imprisonment. Defendant appeals.

Prior to the trial defendant filed a motion to suppress his oral confession. The motion challenged the voluntariness of the confession on four grounds. One of the grounds was that defendant "was under the influence of a prescribed medication, 'cafergot,' which produced a physical and mental stupor" when the confession was made. Another ground was that the confession was made "as a direct result of coercion by law enforcement officers."

By agreement of the parties, the suppression hearing was consolidated with the trial. At the conclusion of the evidence the court, in denying the motion to suppress, made express findings to the effect that the confession was "made voluntarily and after defendant had been fully advised of his *Miranda* rights; defendant also executed a waiver and the court finds that he understood the proceedings and it was voluntary on his part."

Defendant's first contention is that the trial court erred in denying the motion to suppress and in admitting the confession into evidence for the reason that the confession was involuntary. In support of his claim of involuntariness, defendant again asserts that the confession was a result of coercion and that it was given while defendant was under the influence of medication.

The oral confession was made by defendant at police headquarters in the presence of officers Dean and Hobson.

"[B]ecause the confession was obtained while the suspect was in custody, the burden of proving its voluntariness is upon the State. While the burden of proceeding is on defendant, once he has made his allegations regarding the inadmissibility of the statements, the burden of proof is on the State to show compliance with the guidelines set forth in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and the voluntariness of the statement. In *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), the Supreme Court held that voluntariness of such confession need be proved by a *preponderance of the evidence,* which is the standard we adopt for such cases." (Emphasis in original.) *State v. Olds,* 569 S.W.2d 745, 751 (Mo. banc 1978).

In support of his claim of coercion defendant argues that the record shows that police detective Brinkman, while in the interrogation room, "raised his voice to defendant in a threatening and rude manner." This conduct, says defendant, "upset me a great deal."

Testimony with regard to Brinkman's conduct came from officers Hobson and Dean, who were witnesses for the state, and from defendant. According to Hobson, he and officer Brinkman arrested defendant at his apartment, gave him the *Miranda* warnings, and took him to police headquarters. At the station the *Miranda* warnings were read to defendant and he signed a written acknowledgment of that fact. Defendant's confession was given approximately one hour after his arrest. Brinkman was not present during the giving of the confession. Hobson said that during the preliminary interrogation Brinkman spoke to defendant once in a loud voice. Brinkman's statement was, "Boy, you've got your butt in a lot of trouble." Defendant became upset by the remark and requested that Brinkman leave the room. Brinkman complied with the request. Hobson said, "I think defendant was irritated with Brinkman. I would not say he was angry."

Officer Dean testified that Brinkman left the room, at defendant's request, before the confession was given. Dean conceded that defendant got angry with Brinkman but said he did not recall Brinkman yelling at defendant.

Defendant's testimony was that Brinkman "started yelling at me and told me I was no better than a murderer or a rapist and was going to make sure I got a lot of time." Defendant told Brinkman that he had no use for him and to get out of the room. Brinkman left the room at that time. Defendant conceded that Brinkman "yelled at me just one time."

■ "Coercion that vitiates a confession . . . 'can be mental as well as physical.' . . . Subtle pressures . . . may be as telling as coarse and vulgar ones. The question is whether the accused was deprived of his 'free choice to admit, to deny, or to refuse to answer'." *Garrity v. New Jersey,* 385 U.S. 493, 496, 87 S.Ct. 616, 618, 17 L.Ed.2d 562 (1967).

■ The issue of voluntariness of a confession is a mixed question of law and fact. *State v. Lyle,* 511 S.W.2d 817, 818[1] (Mo. 1974). The trial court was not required to believe defendant's version of the Brinkman incident. *State v. Stephens,* 507 S.W.2d 18, 21[5] (Mo. banc 1974). Even if Brinkman acted in the manner described by defendant, the statements attributed to Brinkman would seem more likely to deter a confession than to induce one.

In support of his claim that the confession was induced by medication, defendant argues that he was under the influence of cafergot and emphasizes his own testimony that he took approximately 20 tablets of that medication within the four hours preceding his arrest. Defendant concedes that the taking of the medication "was my choice, no one forced me."

Officer Hobson, testifying for the state, had years of experience in observing persons under the influence of drugs. According to Hobson, at the time of the arrest and the interrogation, "defendant did not appear to be under the influence of alcohol or drugs." Hobson stated that defendant "answered the questions I asked him and did not ask me to repeat them." Officer Dean testified that defendant was able to carry

on a conversation and comprehended the questions which were asked.

■ "Although a confession is not inadmissible merely because the accused was under the influence of drugs or narcotics, it is a factor which may properly be considered." Wharton's Criminal Evidence (13th Ed.) Vol. 3, § 689, p. 481. "The fact of drug influence and intoxication, absent mania, only goes to the credibility and weight of the statement. Before exclusion is required, it should appear that defendant was so intoxicated or influenced that he was unable to appreciate the consequences and nature of his statements." *State v. Hindman,* 543 S.W.2d 278, 285 (Mo.App. 1976). See also *State v. Thomas,* 522 S.W.2d 74, 76 (Mo.App.1975), Anno. 69 A.L. R.2d 384 (Confession—Use of Drugs—Effect.)

The evidence in the record on the issues of coercion and drug influence is not sufficient to warrant interference by this court with the finding of the trial court that the confession was voluntary. Defendant's first contention has no merit.

Defendant's second contention is that the trial court erred in receiving the confession into evidence for the reason that the confession was "the fruit of an illegal arrest in that the arrest lacked probable cause."

The record does not disclose whether or not the arrest of defendant was unlawful. There is no showing whether the arresting officers had a warrant or whether the circumstances were such that a warrantless arrest was lawful. Indeed at the trial itself, at the close of the state's evidence, defense counsel stated, "I am not raising a question about arrest."

"The state is not required . . . to negative every possible circumstance which could raise a question as to whether the confession was voluntary." *State v. Crowley,* 571 S.W.2d 460, 464[9] (Mo.App.1978).

To similar effect see *State v. Thomas,* 522 S.W.2d 74, 76[1] (Mo.App.1975).

■ Fatal to defendant's second contention is the fact that his motion to suppress the oral confession did not contain, among the grounds challenging the voluntariness of the confession, the ground that defendant's arrest was unlawful. By failing to include that ground in his motion to suppress, defendant waived the right to assign it in challenging the subsequent admission of the evidence. *State v. Edwards,* 435 S.W.2d 1, 5 (Mo.1968); Rule 25.06(e) Missouri Rules of Court, 10th Ed., 1979.[1] See also *State v. Fair,* 467 S.W.2d 938, 943[2] (Mo. banc 1971); *State v. Henderson,* 510 S.W.2d 813, 820[6] (Mo.App.1974); *State v. Wickizer,* 563 S.W.2d 109, 110[1] (Mo.App. 1978); *State v. Fields,* 536 S.W.2d 56, 57[1] (Mo.App.1976). Federal authorities also hold that the failure to include a specific ground in a motion to suppress operates as a waiver of that ground. *United States v. Schwartz,* 535 F.2d 160, 163[1] (2nd Cir. 1976) and cases there cited.

■ Defendant's third contention is that the evidence was insufficient to support the conviction because the victim of the robbery failed to make an in-court identification of the defendant and failed to identify certain of the state's exhibits as being the gun used and the gloves and coat worn by the robber.

The eighteen-year-old girl who was the victim of the robbery testified that it took place shortly after midnight and after she had closed the store where she was employed. Before leaving the store the victim turned out the lights in the store and on the parking lot. The robber, who was wearing a ski mask, forced her to re-enter the store and obtain money from the safe. The testimony of the victim was indefinite in the respects claimed by defendant. However, the testimony of the victim was sufficient to show that a robbery had been committed

1. Rule 25.06(e), which was in effect at the time of the proceedings in the trial court, read: "Any motion filed under the provisions of these Rules shall specify clearly the defense or grounds of objection relied upon by the defendant and unless it does so it shall be disregarded by the court."

by *someone* on the date and in the manner charged in the information. That testimony, coupled with the oral confession, is sufficient to support the conviction.

"Once the corpus delicti was shown by proof other than defendant's confession or admission, defendant's oral admissions were admissible and, if believed, completed the case against him." *State v. Herman,* 280 S.W.2d 44, 46[2] (Mo.1955). See also *State v. Hawkins,* 165 S.W.2d 644, 646[6–8] (Mo. 1942); *State v. Hardy,* 365 Mo. 107, 276 S.W.2d 90, 93 (banc 1955); *State v. Price,* 361 Mo. 1034, 238 S.W.2d 397, 399 (1951).

The judgment is affirmed.

TITUS, P. J., and GREENE and PREWITT, JJ., concur.