STATE of Missouri, Respondent,

v.

Keith UPSHAW, Appellant.

No. WD 31896.

Missouri Court of Appeals,
Western District.

July 28, 1981.

Kevin Locke, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Keith Upshaw was convicted of two counts of robbery in the first degree and was sentenced to concurrent terms of ten years. On this appeal, Upshaw asserts that certain evidence was erroneously received over his objection and that the jury was improperly constituted because a venireman was unjustifiably excused.

The facts of the case will be recounted only briefly because the sufficiency of the evidence to support the conviction is not challenged.

On the date of the offense, four men were confronted at a self-service car wash by an armed man who demanded and received the currency in the possession of each. Soon thereafter, two of the victims observed the robber enter an apartment building. By use of the telephone in the building manager's apartment, the victims summoned the police and while giving a report to the officers who responded, one of the victims saw Upshaw descending the stairway to the hall. Upshaw was immediately arrested and was identified then and thereafter as the robber.

In a personal search of Upshaw at the time of his arrest, a live .38 caliber shell was found in his trouser pocket. The evidence of the victims described the weapon used by the robber as a .38 caliber revolver. By a motion to suppress, Upshaw sought to exclude the shell from evidence. The adverse ruling by the trial court on that motion without an evidentiary hearing is contended by Upshaw in his first point to have constituted error.

The written suppression motion filed the morning of trial was brief and posed a non sequitur which apparently confounded

both the court and counsel for the state. Factual allegations of the motion were that Upshaw was arrested, searched and that no tangible evidence was recovered in that search. This was followed by the prayer of the motion which sought suppression of all evidence obtained from Upshaw during the search performed "in violation of the afore-mentioned constitutional guarantees." The motion otherwise made no mention of any constitutional provisions. When defense counsel was questioned by the court as to the basis for the motion, Upshaw's attorney explained that the defense denied the .38 caliber shell had been obtained from Upshaw during the search of his person at the time of arrest and that the anticipated testimony of the police officer concerning his recovery of the shell was false.

Upon a further exchange among counsel and the court, Upshaw's attorney agreed that one of the motion issues was the verity of conflicting statements as to where and when the shell had been recovered. He further asserted that another issue was the validity of the arrest upon which the search was dependent. No suggestion of such a contention was contained in the motion as filed which Upshaw now agrees was inartfully phrased. The argument now is that the written motion was orally amended by the comment by counsel above noted and that the trial court should have conducted a hearing to test the basis upon which Upshaw was arrested without a warrant.

In overruling Upshaw's motion to suppress, the trial court announced that the order was grounded on a failure of the motion to state a factual basis on which any issue was posed. Abundant authority holds that a motion to suppress which merely states conclusions and not facts presents nothing for the trial court to consider and preserves nothing for appellate review. *State v. Abrams*, 597 S.W.2d 230, 232 (Mo. App.1980); *State v. Fields*, 536 S.W.2d 56, 57 (Mo.App.1976). Even as buttressed by the oral additions of counsel raising for the first time the legality of Upshaw's arrest, no facts were ever tendered to indicate what facts, if true, would cast doubt on the validity of Upshaw's arrest and the subse-quent custodial search. The trial court correctly held that the motion presented nothing for decision on counsel's oral explication and the written motion presaging disputed testimony on the source of the .38 caliber shell presented a fact issue for resolution by the jury.

■ On brief here, Upshaw continues to assert that he was entitled to an evidentiary hearing to establish whether his arrest was lawful. The argument seems to assume a per se entitlement to the hearing despite the absence of any suggestion of grounds on which the arrest could be unlawful. The facts dispel the potential for any such infirmity. Upshaw's arrest was upon the positive identification of him by one of the victims during a chance encounter while a report of the crime was being given to the investigating officers. Police officers are authorized to arrest without a warrant upon facts communicated to them by others. *State v. Duisen*, 403 S.W.2d 574, 576 (Mo.1966). That communication must, under the circumstances, give rise to a reasonable belief that the arrestee is guilty of a recent felony. A citizen informant who relates direct observation of the offense may be presumed by the arresting officer to be reliable and a warrantless arrest based on that information is grounded in probable cause. *State v. Watson*, 588 S.W.2d 178 (Mo.App.1979).

Upshaw's first point presents no error and is denied.

■ As a second and final point, Upshaw contends that the trial court abused its discretion in excusing from jury service a venireman who was otherwise qualified but was scheduled the following day to attend a rehearsal for his wedding. Obliquely, Upshaw apparently suggests that in some unspecified manner his cause was prejudiced by a resulting unrepresentative jury. The only cases which Upshaw cites involve denial of challenges for cause to the seating of veniremen contended to be disqualified.

■ Section 494.031, RSMo 1978 invests the trial court with discretionary authority to excuse from jury service any person on the basis of undue hardship. Of

necessity, the authority is broad because undue hardship can only be assessed on a case by case evaluation. Where the issue is not associated with prejudice or prior opinion held by the venireman, the trial court is entitled to excuse or retain veniremen at the court's discretion. *State v. Tash*, 528 S.W.2d 775, 780 (Mo.App.1975). A defendant is not entitled as a matter of right to the seating of any particular person on the jury panel. *State v. Dodson*, 595 S.W.2d 59 (Mo.App.1980).

Upshaw does not relate the excuse of the one venireman here to any challenge improperly exercised nor does he demonstrate or even argue particular prejudice or any adverse consequence. Even were the charge of abuse of discretion of some substance, a complaint not validly made here, the claim fails unless the appellant shows prejudice or that his interests have been adversely affected. *State v. Holt*, 592 S.W.2d 759, 767 (Mo.banc 1980). The record here shows neither.

The judgment is affirmed.

All concur.