**STATE of Missouri, Respondent,**

v.

**Larry Dean BROOKS, Appellant.**

No. 18613.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 20, 1993.

---

Dewayne F. Perry, Joplin, for appellant.

R. Scott Watson, Pros. Atty., Newton County, Neosho, for respondent.

FLANIGAN, Judge.

The trial court, after a jury-waived trial, found defendant guilty of stealing, § 570.-030,[1] a class A misdemeanor, and he was sentenced to 12 months' confinement in the Newton County jail. Defendant appeals.

Defendant contends that the evidence was insufficient to support the conviction. This court agrees.

The findings of the trial court in a jury-waived criminal case have the force and effect of a verdict of a jury. Mo. Const. art. I, § 22(a); *State v. Northern*, 472 S.W.2d 409, 411[3] (Mo.1971). On a challenge to the sufficiency of the evidence in a criminal case, this court's review is limited to a determination of whether there is sufficient evidence from which a reasonable juror, or in this case the trial court as the factfinder, might have found the defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993); *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). This court accepts as true all of the evidence favorable to the state, including all favorable inferences to be drawn from the evidence, and disregards all evidence and inferences to the contrary. *Id.*

Section 570.030 reads, in pertinent part: "1. A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion."

In addition to its formal portions, the information charged:

[T]hat on or about early December, 1992, in the County of Newton, State of Missouri, the defendant appropriated a hunting knife and sheath, which said property was owned by Leona Gottetreau, and defendant appropriated such property without the consent of Leona Gottetreau and with the purpose to deprive her thereof.

At the trial, held on February 2, 1993, the state presented two witnesses, James Gottetreau and Deputy Sheriff Kenneth Copeland. The state's brief, as respondent, adopts defendant's summary of the evidence and makes no claim that the testimony of any defense witness aided the state's case.

James Gottetreau testified: I live in Lansing, Michigan; my mother, Leona Gottetreau, died in Newton County; in December 1992, she owned a motor home which was located in her back yard in Neosho; she had a hunting knife, about 12 inches long, which was kept in a sheath; I can remember the knife from when I was a child; when I came here after my mother's death, I saw the sheath at the crime laboratories (sic) in Joplin, and I saw the knife at a pawn shop, Curtis Bait & Fur; I visited my mother here once in June 1992; the knife was always in the clothes drawer in the motor home, but I didn't see the knife in June 1992; I am just assuming it was still there.

Deputy Copeland testified: On January 14, 1993, I gave defendant the Miranda warning, which he signed; I interviewed defendant for about an hour; the interview related to the murder of Leona Gottetreau; defendant denied murdering her; defendant said he had known Mrs. Gottetreau and that he had been hired to move her from one residence to the residence at 1211 Oak Ridge in Neosho; defendant said that in the early part of Decem-

---

1. All references to statutes are to RSMo 1986, V.A.M.S.

ber he had done some work for her on her RV which was parked in back of the residence and that while in the RV he discovered the hunting knife and sheath, "at which time he stole it"; defendant said he had taken it to his residence; defendant said, "It's probably one of the ones that you took from my house when you searched my house yesterday"; I don't know if the knife identified by Mr. Gottetreau is one taken from defendant's home.

In *State v. Ziegler*, 719 S.W.2d 951 (Mo. App.1986), the court said, at 954:

[P]roof of the corpus delicti does not require proof of the criminal agency of the *defendant* but merely proof of criminal agency generally. Corpus delicti consists of two elements: "(1) proof, direct or circumstantial, that the specific loss or injury charged occurred, and (2) *someone's* criminality as the cause of the loss or injury." (Emphasis in original; Citing authorities.)

In *State v. Garrett*, 829 S.W.2d 622 (Mo. App.1992), this court said, at 626:

In order for there to be a conviction of a crime, the fact that a crime was committed must be proven. Corpus delicti is "the body of the offense·charged." Extrajudicial statements, admissions or confessions, are both inadmissible and insufficient to sustain a conviction unless there is independent proof, direct or circumstantial, of the essential elements of the corpus delicti. The corpus delicti cannot be presumed and must be proved by legal evidence sufficient to show that the specific crime charged has actually been committed by someone.

Full proof of the corpus delicti independent of defendant's extrajudicial confession is not required. "On the contrary, what seemed to be only slight corroborating facts have been held sufficient." If there is evidence of corroborating circumstances which tends to prove the crime and corresponds with circumstances related in defendant's confession, both the circumstances and the confession may be considered in determining whether the corpus delicti is sufficiently proved. If a confession is made, which enables the state to discover corroborating evidence of the particular crime confessed, the corroborating evidence need not be sufficient, independent of the confession, to establish complete proof that the crime is committed. (Citing authorities.)

The flaw in the state's case is that there was no proof, direct or circumstantial, that the crime of stealing had occurred. There was evidence from which the fact-finder could have found: Leona Gottetreau owned a knife and sheath; after her death, the knife was found in a pawn shop and the sheath was found in a crime laboratory; defendant told the deputy sheriff that he had stolen the knife and sheath; before the sheath was taken to the crime laboratory, it was found in defendant's house.

Aside from the statement of defendant, there was no evidence that either the knife or the sheath was obtained by defendant or anyone else without the consent of Leona Gottetreau.

The corpus delicti was not proved by legal evidence sufficient to show that stealing had actually been committed by someone. The evidence was insufficient to support the conviction. Compare *State v. Celmars*, 399 S.W.2d 145 (Mo.App.1966).

The judgment is reversed and defendant is discharged.

PREWITT and GARRISON, JJ., concur.