STATE of Missouri, Plaintiff–
Respondent,

v.

John Robert McFALL, Defendant–
Appellant.

John Robert McFALL, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 18011, 18678.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 10, 1993.

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

A jury found defendant guilty of the offense of tampering in the first degree, § 569.080,[1] a class C felony, and he was sentenced, as a prior offender, to five years' imprisonment. Defendant appeals, and that appeal is Case No. 18011. After the jury trial, defendant filed a motion under Rule 29.15, seeking post-conviction relief. That motion was denied without an evidentiary hearing. Defendant's appeal from that denial is Case No. 18678. The appeals have been

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Mis-

consolidated and will be dealt with separately in this opinion.

### Case No. 18011

Defendant's first point is that the evidence is insufficient to support the verdict, and the trial court erred in ruling otherwise, "in that the conviction was based on defendant's extrajudicial admissions and the state failed to present independent corroborating evidence of the corpus delicti or to support the essential facts of defendant's extrajudicial admissions which were sufficient to justify an inference that the statements were true."

On a challenge to the sufficiency of the evidence in a criminal case, this court's review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993); *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989). This court accepts as true all of the evidence favorable to the state, including all favorable inferences to be drawn from the evidence, and disregards all evidence and inferences to the contrary. *Id.*

Section 569.080 reads, in pertinent part:

1. A person commits the crime of tampering in the first degree if:

(1) ...; or

(2) He knowingly ... defaces ... an automobile ... without the consent of the owner thereof.

In addition to its formal portions and its prior offender allegations, the information charged:

[O]n or about May 8, 1989, in the County of Pemiscot, State of Missouri, the defendant knowingly defaced an automobile belonging to the City of Caruthersville, without the consent of the City of Caruthersville, Missouri.

Before the evidence is summarized, it is proper to keep in mind the following principles:

souri Rules of Court, V.A.M.R.

[P]roof of the corpus delicti does not require proof of the criminal agency of the *defendant* but merely proof of criminal agency generally. Corpus delicti consists of two elements: "(1) proof, direct or circumstantial, that the specific loss or injury charged occurred, and (2) *someone's* criminality as the cause of the loss or injury."

*State v. Ziegler*, 719 S.W.2d 951, 954 (Mo. App.1986) (Emphasis in original; citing authorities).

In order for there to be a conviction of a crime, the fact that a crime was committed must be proven. Corpus delicti is "the body of the offense charged." Extrajudicial statements, admissions or confessions, are both inadmissible and insufficient to sustain a conviction unless there is independent proof, direct or circumstantial, of the essential elements of the corpus delicti. The corpus delicti cannot be presumed and must be proved by legal evidence sufficient to show that the specific crime charged has actually been committed by someone.

*State v. Garrett*, 829 S.W.2d 622, 626 (Mo. App.1992).

Full proof of the corpus delicti independent of defendant's extrajudicial confession is not required. "On the contrary, what seemed to be only slight corroborating facts have been held sufficient." If there is evidence of corroborating circumstances which tends to prove the crime and corresponds with circumstances related in defendant's confession, both the circumstances and the confession may be considered in determining whether the corpus delicti is sufficiently proved.

*Id.*

The state's evidence showed that the City of Caruthersville owned a 1986 Ford which was used by the police department. This was the vehicle mentioned in the information. Another vehicle of the same model was driven by Police Chief Norman Howell. The essentials of the testimony of the state's witnesses follow:

Police Chief Norman Howell: In April 1989, pursuant to a search warrant, I searched the house of Cletis Hicks next door to me; defendant was there; I arrested defendant and Hicks; on May 8, 1989, my car was in the garage being worked on; the other police car was parked in front of the City Hall in Caruthersville; I was notified that the police car was bombed; I went to the City Hall and looked at it and saw the damage; we spent $1,500 fixing it; no one consented to having this car blown up.

Mike Malone: I am chief investigator with the Caruthersville Police Department; in April 1989, I participated in the search of the Cletis Hicks residence; defendant was present and was arrested; a little after midnight on May 9, 1989, I was notified that one of the police cars had been bombed; I inspected the damage; the dash had been blown out from the outside in; the Tennessee Inn is about a half mile from City Hall, and Woody's Bar is about a quarter of a mile from City Hall.

Elizabeth Mejia: I have known defendant since 1989; two or three weeks prior to May 8, 1989, defendant told me he was going to blow up the car of Chief Norman Howell; defendant said it was retaliation for Cletis Hicks' being arrested; defendant said he had a friend in Memphis who could make these bombs; on the evening of May 8, 1989, I was in the Tennessee Inn; defendant and Jay Grantham came in shortly after 8 p.m.; I left the bar at 11 p.m. and came back at 11:30 p.m.; when I came back, defendant and Jay Grantham were gone; on May 9, I had a conversation with defendant in which he told me that he had put the bomb on the car, and explained the procedure; he said that when they left the Tennessee Inn they drove by the police station and saw there were two cars there; they made a phone call reporting a burglary at the Granary and when one of the cars left the police station, defendant put the bomb on the other car and then went to Woody's; defendant said he was at Woody's in time to sit down and order a beer before he heard the explosion.

Kendell Yarbro: I am the radio operator for the Pemiscot County Sheriff's Department; I heard the explosion on May 8, 1989 about 11:20 p.m.; I inspected the damaged police car.

Tom Teyssier: I am special agent for the U.S. Bureau of Alcohol, Tobacco, and Firearms, and I have had specialized training in

explosives; on May 9, 1989, I examined the front of the police car; my investigation showed evidence that a bomb had been placed where the windshield came down and met the hood, right in front of the passenger side; on detonation, it punched a hole in the windshield off the dashboard and put shrapnel in the car; based on my investigation, it is my opinion that a pipe bomb had been constructed; I found all the workings of a wind-up alarm clock; it is not very hard to make one of these bombs.

Eugene Kenney: On May 8, 1989, I left the City Hall and got in my patrol car and started across on my regular beat; we received word of some kind of a disturbance at Bunge's Granary.

Carla Huffman: In 1989, defendant and I dated for a few months; about two weeks after the Caruthersville police car was bombed, defendant told me that he was the one who bombed it, and he told me how he did it; he said he went to Memphis and picked up the bomb and put it on the police car after he called about Bunge's Granary over there, that someone was climbing on top of it; defendant said he placed the bomb on the police car and went to Woody's; defendant told me he was doing it to get back at Police Chief Norman Howell because the chief had arrested him in a drug raid.

Tony Curtis: On May 9, 1989, I was at the Tennessee Inn; defendant said he had bombed the police car.

Greg Russom: On May 9, 1989, I saw defendant at the Tennessee Inn; defendant said he blew up the police car in Caruthersville.

"Once the corpus delicti was shown by proof other than defendant's confession or admission, defendant's oral admissions were admissible and, if believed, completed the case against him." *State v. Herman*, 280 S.W.2d 44, 46[2] (Mo.1955). See also *State v. Hawkins*, 165 S.W.2d 644, 646[6–8] (Mo. 1942); *State v. Hardy*, 365 Mo. 107, 276 S.W.2d 90, 93[3] (banc 1955); *State v. Price*, 361 Mo. 1034, 238 S.W.2d 397, 399 (1951); *State v. Shive*, 624 S.W.2d 136, 143[8] (Mo. App.1981); *State v. Harris*, 594 S.W.2d 658, 662 (Mo.App.1980).

The state's evidence was sufficient for the jury to find that on May 8, 1989, in Pemiscot County, an automobile belonging to the City of Caruthersville was defaced without the consent of the city. The defacement consisted of bombing the vehicle. That evidence, coupled with the oral admissions of defendant to several of the state's witnesses, is sufficient to support the conviction. Defendant's first point has no merit.

■ Defendant's second point is that the trial court erred in finding defendant to be a prior offender and in removing the issue of punishment from the jury, in that the conviction for which defendant was found to be a prior offender was entered after May 8, 1989, the date of the offense on trial.

The information charged that the defendant was a prior offender in that defendant, on February 9, 1990, pleaded guilty, in a specified federal criminal proceeding, to the felony of possessing cocaine with intent to distribute it.

Section 558.016, as amended 1990, reads, in pertinent part:

1. The court may sentence a person who has pleaded guilty to or has been found guilty of an offense to a term of imprisonment as authorized by section 558.011 or to a term of imprisonment authorized by a statute governing the offense, if it finds the defendant is a prior offender ...

2. A "prior offender" is one who has pleaded guilty to or has been found guilty of one felony.

.     .     .     .     .

6. The pleas or findings of guilty shall be prior to the date of commission of the present offense.

The information alleges that defendant entered a plea of guilty after the date of the commission of the present offense. That allegation, of course, does not satisfy § 558.-016.6, and proof of the alleged plea was of no moment. There is no pleading or proof of a plea of guilty prior to May 8, 1989.

In answer to defendant's second point, the state's brief states: "Given the unambiguous language of § 558.016.6, respondent concedes

that the trial court erred when it found appellant to be a prior offender. As a result, appellant is entitled to a new trial."

Consistent with the state's concession, the following cases hold that when a defendant is found to be a prior offender, and the evidence is insufficient to support that finding, defendant is entitled to a new trial on all issues: *State v. Harris,* 547 S.W.2d 473, 475–476[3] (Mo.banc 1977); *State v. Blackwell,* 459 S.W.2d 268, 271 (Mo. banc 1970); *State v. Vermillion,* 446 S.W.2d 788, 790[1] (Mo. 1969); *State v. Hill,* 371 S.W.2d 278, 282–283[7–9] (Mo.1963); *State v. Olson,* 806 S.W.2d 111, 112–113[3] (Mo.App.1991); *State v. Finch,* 746 S.W.2d 607, 612 (Mo.App.1988); *State v. Meeks,* 734 S.W.2d 282, 283 (Mo.App. 1987); *State v. White,* 710 S.W.2d 934, 937[4] (Mo.App.1986); *State v. Tate,* 657 S.W.2d 727, 728–729[2–6] (Mo.App.1983); *State v. Wickizer,* 641 S.W.2d 849, 852–853[9] (Mo. App.1982).

The judgment is reversed and the cause remanded for a new trial on all issues.

Case No. 18678

On this appeal, defendant contends that the trial court erred in denying, without an evidentiary hearing, his Rule 29.15 motion for post-conviction relief. The issue raised on this appeal is now moot because the instant judgment has now been vacated and the cause remanded for a new trial.

Appeal dismissed.

CROW and GARRISON, JJ., concur.