STATE of Missouri, Respondent,

v.

Charles Henry SPEARS, Appellant.

No. 57384.

Supreme Court of Missouri,
Division No. 2.

Feb. 11, 1974.

John C. Danforth, Atty. Gen., Richard E. Vodra, Assist. Atty. Gen., Jefferson City, for respondent.

James E. Wynne, St. Louis, Atty. for appellant.

DONNELLY, Chief Justice.

Appellant, Charles Henry Spears, was convicted of attempted burglary, second degree by a jury in the Circuit Court of the City of St. Louis, and his punishment was assessed at imprisonment for a term of two years. Following rendition of judgment and imposition of sentence, an appeal was perfected to this Court. We affirm.

The appeal having been taken to this Court prior to January 1, 1972, the effective date of new Article V of the Constitution, V.A.M.S., we have jurisdiction pursuant to then Art. V, § 3 of the Missouri Constitution.

Appellant does not question the sufficiency of the evidence to sustain the conviction. The facts of the case, however, have a material bearing on his claim that he is entitled to a new trial because of closing argument of the assistant circuit attorney. State v. Harris, 351 S.W.2d 713 (Mo.1961). The facts, as related by appellant in his brief, are not in dispute.

Alex J. Sobo testified he was in the floor covering business and operated a store known as the Al J. Sobo Tile and Linoleum Company at 3783 West Florissant in the City of St. Louis. Adjacent to his store three other stores are in the same building and on the same level as his store. Located within his store was the regular inventory of carpets, linoleum and tiles in addition to a safe with money in it. On August 7, 1971, Mr. Sobo left the store at noon, leaving behind his son who locked the store at

1:00 p. m. Mr. Sobo received a police call at midnight, and returned to the store at approximately quarter to 1:00 a. m. on August 8, 1971. Mr. Sobo, when looking up at the roof from inside his store, could not see anything that night; however, he returned later the same morning at about 8:30 a. m. and observed a hole in the roof approximately six inches by two feet. The composition of the roof was tar and gravel and there was no way of getting on the roof without the aid of a ladder or without some assistance, because no outside access to the roof existed. Prior to Mr. Sobo leaving the premises at noon on August 7, 1971, he did not notice any hole on his roof.

Patrolman Clifford Sykes, a St. Louis Police Officer, testified he was working the night of August 7, 1971, and while on patrol in the area of Grand and Natural Bridge heard a call for prowlers on the roof and drove to the Al J. Sobo Tile and Linoleum Company. When he arrived he observed several police officers pulling up about the same time.

Patrolman Arthur Mueller, a St. Louis Police Officer, also heard a radio dispatch that directed him to the same location at about 11:40 p. m. Officer Mueller testified that he was the first officer at the scene and upon arrival heard a sound as if someone were trying to break through the roof of the building. He called the fire department to assist in the investigation with the aid of a ladder. Within about three minutes of his arrival at the scene, about five other police officers arrived.

Before the arrival of the fire department, the officers stood on the corners of the building to make sure nobody could get off the roof. After the fire department arrived, Officer Sykes, and others, ascended to the roof, and Officer Sykes observed Wallace Conners behind the air conditioning unit and appellant Spears on the southwest corner of the roof. Officer Sykes approached Conners and placed him under arrest. Officer Sykes then approached Spears and placed him under arrest.

Both Sykes and Mueller observed a 3 foot by 3 foot hole on the roof with a screwdriver lying next to it. The hole was located on the roof near the southwest corner of the building.

The defense called as its sole witness in the case the appellant, Charles Spears, who testified that he was presently in the United States Navy, stationed at Millington, Tennessee, as a Seaman Second Class and that he was in St. Louis on August 7 on leave to see his mother. Spears testified that on August 7, 1971, he saw Wallace Conners in the company of three other people who looked as if they were having experiences with drugs, that he knew Wallace Conners was a drug addict and that Conners had tried to hurt himself in the past. Spears testified that he followed all four of them to an alley by the building that is connected to the A. J. Sobo Tile and Linoleum Company and that all four of them preceded him onto the roof.

Spears testified that these four people began arguing with each other and that while he was on the roof top he never saw anyone attempt to break into the A. J. Sobo Company. Spears also stated that he was not on that portion of the roof directly above the A. J. Sobo Tile and Linoleum Company and that he had never before seen the screwdriver that the State had introduced into evidence nor the hole in the roof nor anyone trying to make a hole in the roof. Spears stated he was on the roof because he thought Conners was in need of help and that when he attempted to help Conners off the roof the other individuals were running down the alley.

■ The points raised by appellant on this appeal relate to closing argument by counsel for the State. We consider only that part of the argument referred to in the motion for new trial. Rule 27.20, V. A.M.R.; State v. Laster, 365 Mo. 1076, 2S. S.W.2d 300 (banc 1956). In the motion for new trial, appellant urged that the trial

court erred "in admitting over defendant's objections, comments by the prosecution on closing arguments that the defendant was presently in jail and that is where he belonged for the reason that such comments were highly prejudicial and were not supported by any evidence adduced in the case."

The argument referred to reads as follows: "Ladies and gentlemen, all this talk about crime and lack of law enforcement ends right here with you. The defendant is before you. The evidence has been presented to you. You are now the sole judge of the defendant's guilt or innocence. If you find the defendant guilty I am going to ask you in all justice to send him back to that jail over there where the other burglars are waiting to be tried.

"MR. WYNNE: I object to that, that's not in evidence.

"THE COURT: Be overruled.

"MR. FRAIN: (continuing) With a stiff enough sentence to make all of them worry about it. Because when we do catch someone and we do convict them, we do want an example made. We are asking for justice now. Not mercy, mercy will come later if he deserves it. But right now the State of Missouri asks and insists on justice under the law as you see it."

The law is well established in Missouri "that questions of the propriety of oral argument are addressed to the discretion of the court; and a reversal on such ground occurs only upon abuse of such discretion." State v. Jewell, 473 S.W.2d 734, 741 (Mo.1971).

In the circumstances of this case, we cannot hold that the trial judge abused his discretion.

The judgment is affirmed.

HENLEY, P. J., and MORGAN, J., concur.

FINCH, J., not sitting.