**STATE of Missouri, Plaintiff-Respondent,**

v.

**Earl CLARK, Defendant-Appellant.**

**No. 35835.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 15, 1975.

David M. Adams, Rachel Eidelman, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Scott A. Raisher, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a judgment of conviction entered by the Circuit Court for Criminal Causes of St. Louis City, Missouri, on a jury verdict finding him guilty of two counts of robbery in the first degree by means of a deadly and dangerous weapon, §§ 560.120 and 560.135, RSMo 1969, V.A.M.S. Pursuant to § 556.280(1), RSMo 1969, V.A.M.S., the court sentenced defendant to serve consecutive sentences of fifteen years in the custody of the Department of Corrections.

Since the sufficiency of the evidence is not contested, we give only a brief summary of the facts. On 23 January 1973, at the Red Top Tavern, in St. Louis, Mr. Michael Demsko, the bartender, saw defend-

ant holding a knife to the throat of a customer, Mr. Hall, and demanding his watch and money. Thereafter, defendant also took another customer's (Mr. Wilhelm) watch, wallet, lighter, diamond ring and $349 in currency. During the same period, defendant's companion removed the money from the cash register and upon defendant's direction took the bartender's wallet and filled two bags with bottles of whiskey.

Mrs. Dorothy Burns, who operates the tavern, heard the rattling of bottles from her living quarters above the tavern. From her window she saw two men leaving the tavern. Both men glanced up, proceeded north, and then ran up the alley between Rutger and Park Streets.

Several days after the robbery, Mrs. Burns, Mr. Demsko and Mr. Wilhelm identified defendant in a lineup at the police station. Defendant offered no evidence on his own behalf.

On appeal, defendant raises three points. His first allegation of error is that the court erroneously sustained an objection to a question asked by his counsel of the witnesses at the hearing on the motion to suppress. Although a motion to suppress was filed, the record shows neither the question asked nor the prosecutor's objection. Moreover, the record indicates that defendant specifically advised the court reporter that it would be unnecessary to include the testimony adduced at the motion to suppress identification in the transcript on appeal.

■■ The general rule is that the burden of presenting a record of the proceeding to the appellate court is on the appealing party, State v. Quinn, 337 S.W.2d 84, 86 (Mo.1960). The appellant must bring the reviewing court a transcript of the proceedings, including the evidence to show error, State v. Jackson, 477 S.W.2d 47, 51 (Mo.1972). See also Rules 81.12(b) and 81.14, V.A.M.R., made applicable to criminal cases by Rule 28.18, V.A.M.R. We hold that defendant has not met his burden, since he failed to bring forward the record showing the alleged error; therefore, there is nothing for this court to review. State v. Lowe, 365 S.W.2d 613 (Mo.1963). See also State v. Long, Cause No. 9709 (Springfield District) 12 March 1975.

■■■ During the course of Mr. Demsko's examination, he testified that defendant took all the money except some change from the cash register. The court, over defendant's objection, asked two questions of Mr. Demsko. One question was whether prior to the time the two men came in, was there any United States currency and coins in the cash register? The other was, whether or not when they left was the cash register empty of this currency and coins? Defendant now claims this questioning of the court to be improper. We disagree. Neither question supports defendant's claim that the trial judge, by these two inquiries, abandoned his position of neutrality and assumed the role of a prosecutor. In fact, defendant's objection is frivolous. Clearly, a court has a right to ask clarifying questions to protect the record. Here, on his direct examination, Mr. Demsko failed to establish that the money and coins taken were United States currency and coins as charged in the indictment. And the court's inquiries served only to develop more extensively what had already been developed by the witness's prior testimony. One of the well-recognized powers of the judicial function is the right and duty of the trial judge to propound additional questions in order to develop the truth more fully and to clarify the testimony given, State v. Grant, 394 S.W.2d 285, 287 (Mo.1965). Uniformly, we have recognized the authority of the trial court to interrogate witnesses where the purpose of the question is to elucidate tes-

timony previously given. State v. Cain, 485 S.W.2d 60, 62 (Mo.1972); State v. Tate, 468 S.W.2d 646 (Mo.1971); State v. Gibson, 502 S.W.2d 310 (Mo.1973). We find neither an abuse of discretion in the questioning nor any demonstrated hostility so as to impair the atmosphere of impartiality. See State v. Crockett, 419 S.W.2d 22, 27 (Mo.1967).

Defendant's final assignment of error is that the court erred in overruling his objection to the prosecutor's statement made in closing argument that police make an effort to try to match the individuals in the lineup. As we understand the import of defendant's argument, he is claiming that the prosecutor abandoned his role as a prosecutor and became a witness. While defendant is correct that this exact statement is not supported by the evidence adduced at trial, however, we find the statement is supported in a general way by Mr. Wilhelm's testimony that all the men in the lineup were black men and all were about the same height and age. In State v. Cromwell, 509 S.W.2d 144, 148 (Mo.App. 1974), we noted that counsel may properly comment, during argument, on matters in evidence and on reasonable inferences to be drawn therefrom. We hold, under the circumstances of this case, the statement as made by the prosecutor was a fair, permissible and legitimate inference to be made from all the evidence presented at trial. Consequently, since the questions of the propriety of oral arguments are addressed to the discretion of the court, State v. Jewell, 473 S.W.2d 734, 741 (Mo.1971); State v. Spears, 505 S.W.2d 92, 94 (Mo.1974), we find no such abuse that would warrant our reversal. State v. Turnbough, 497 S.W.2d 856 (Mo.App.1973).

Judgment affirmed.

SIMEONE, P. J., and GUNN, J., concur.