STATE of Missouri, Respondent,

v.

Domingo BROWN, Appellant.

No. 42957.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 10, 1981.

Douglas L. Levine, Shaw, Howlett & Schwartz, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Dan B. Dildine, Troy, for respondent.

CRIST, Judge.

A jury convicted defendant of possessing 9.35 grams of marihuana, a Schedule I controlled substance under § 195.017, RSMo. 1978. He was sentenced to serve three months in the Lincoln County Jail and fined one thousand dollars. The trial court errors he asserts on appeal are, first, the refusal prior to trial and at trial to exclude the marihuana from evidence as having been unlawfully seized pursuant to an illegal arrest; and second, the overruling of sixteen defense objections to testimony and prosecutor questions during the trial, the cumulative effect of which is said to have deprived defendant of a fair trial. We find no prejudicial error. The judgment is affirmed.

Defendant's constitutional claim that the marihuana was illegally seized was overruled prior to trial at a hearing on his motion to suppress. Defendant did not testify, nor did he present any witnesses or offer any other evidence. In fact, the only evidence at that hearing was the testimony of Lincoln County Sheriff's Deputies Penrod and McClure, who made the arrest. Our standards for reviewing the trial court's determination of defendant's constitutional claim are stated in *State v. Tippett*, 588 S.W.2d 742, 743 (Mo.App.1979):

> Our review * * * is limited to a determination of whether the evidence was sufficient to sustain the trial court's finding. [authority omitted] As with other issues tried to the court without a jury, when judging the sufficiency of the evidence, we accept all evidence tending to support the trial court's conclusions and disregard all inferences which could be drawn to the contrary. [authority omitted]

Late at night on July 4, 1978, Deputies Penrod and McClure and several other officers responded to numerous complaints about loud band music and general pandemonium coming from a large party on a farm outside of Troy, Missouri. Led by Deputy Penrod, the officers drove onto the farm to where cars were parked. They stopped, leaving their headlights on, while Deputy Penrod got out to find the farm's owner. Whereupon Deputy Penrod was accosted by the yelling and screaming defendant, who demanded to know what the officers were doing there. On being told they had come to quiet the party down, the defendant persisted in showering the officers with obscenities and verbal abuse and in otherwise obstructing Deputy Penrod's efforts to locate the farm's owner. Defendant was finally asked to identify himself. He refused; and when Deputy Penrod asked Deputy McClure to follow up on the identification request, defendant suddenly turned and started toward the officers' cars. Because of his bizarre behavior, defendant was being closely watched by both officers when, scarcely three feet away from them and illuminated by the headlights, he pulled an object out of his pocket and dropped it to the ground. Deputy Penrod immediately picked it up—a clear plastic bag of the marihuana that defendant later sought to suppress. Defendant was then arrested for possession of marihuana.

Defendant's assertion of an illegal arrest and improperly seized evidence is

based on a different version of the facts to which he testified at trial. But the Supreme Court held in *State v. Holt*, 415 S.W.2d 761, 764–65 (Mo.1967) that evidence vitiating a search and seizure on constitutional grounds must (with exceptions not relevant here) be adduced when the motion to suppress is heard. The evidence at that hearing here was plainly sufficient to show that defendant committed the offense, a misdemeanor, in the presence of the arresting officers, and was properly arrested therefor, see: *Kansas City v. Mathis*, 409 S.W.2d 280, 286–87 (Mo.App.1966); and that the circumstances bring the marihuana's "seizure" within the rule of *State v. Hall*, 534 S.W.2d 508, 510 (Mo.App.1976):

> * * * 'Where the articles sought to be suppressed were in plain sight of the arresting officer, were dropped or thrown away by the person arrested, and were picked up by the officers, the articles are admissible in evidence over an objection that they were seized as the result of an unlawful search.'

The trial court did not err either in overruling defendant's motion to suppress or in admitting the marihuana into evidence at trial.

Defendant's last point is that the trial court erroneously overruled sixteen defense objections to testimony and questions posed by the prosecutor, the net effect of which was to deprive defendant of a fair trial. The testimony and questions fall into three categories, and we will review the objections by category rather than individually.

■ Six of the sixteen overruled objections were made to testimony about defendant's screaming and cursing at the police officers just moments before defendant's arrest. The ground stated for the objections was relevancy. The test for relevancy is whether the evidence tends to prove or disprove facts in issue. *State v. Stamps*, 569 S.W.2d 762, 766 (Mo.App.1978). Among the issues here were whether defendant's possession of the marihuana was intentional and conscious. *State v. Burns*, 457 S.W.2d 721, 725 (Mo.1970); *State v. Rivers*, 554 S.W.2d 548, 551 (Mo.App.1977). Defendant's conduct prior to his arrest tends to show his actions were conscious, and one could permissibly infer from defendant's agitation at the sight of police officers that he knew he had unlawful possession of a controlled substance. See, e.g., *State v. Lewis*, 526 S.W.2d 49, 52 (Mo.App.1975). Evidence need not be compelling to survive the test of relevancy, and the trial court did not err in overruling defendant's objections to the evidence on that ground.

■ The second group of four objections were to questions asked on defendant's cross-examination about his drinking during the day preceding his arrest. But defendant volunteered on his direct examination that he had been drinking that day. We held in *State v. Cutts*, 600 S.W.2d 75, 76 (Mo.App.1980) that "[p]ermissible cross-examination may extend to all matters within the fair purview of direct examination, and may include some collateral matters." It was not error to overrule the objections.

■ Of the six objections in the third and last group, one was to defendant being asked on cross-examination whether he had used marihuana during the day preceding his arrest, and five were to questions about his unruly conduct following his arrest. The ground for objection to the first question was relevancy, and a moment's reflection will establish that the question was properly allowed. The other five questions followed defendant's volunteering on direct examination that he was "maced" following his arrest.

"It has long been the recognized rule in this state that trial courts are vested with 'considerable discretionary latitude in controlling * * * cross-examination' [authority omitted]. Absent a clear showing that they have abused their discretion, appellate courts will not interfere. * * * " *State v. Smith*, 534 S.W.2d 604, 610 (Mo.App.1976). An abuse of discretion in this context is " * * * a judicial act which is untenable and clearly against reason and which works

an injustice," *State v. Stubenrouch*, 499 S.W.2d 824, 826 (Mo.App.1973). Defendant does not suggest how the five questions on cross-examination into matters to which he opened the door constitute an injustice. Nor does he suggest a connection between any of the matters he deems objectionable and his assertion of an unfair trial. Allegations of error and prejudice notwithstanding, it remains that defendant was caught red-handed, as it were, and the evidence of his guilt is substantial. We find no prejudicial error, and conclude that defendant was not denied a fair trial.

The judgment is affirmed.

REINHARD, P. J., and SNYDER, J., concur.