**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Rayfield BRITTON,**
**Defendant-Appellant.**

**No. 13125.**

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 5, 1984.

Motion for Rehearing and/or Transfer
Denied Jan. 25, 1984.

Application to Transfer Denied
April 16, 1984.

David E. Woods, Poplar Bluff, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

A jury found the defendant guilty of possession of more than 35 grams of marijuana. He was sentenced to imprisonment for five years in accordance with the verdict. By two of his 16 points on appeal, the defendant attacks the sufficiency of the evidence. In resolving those points, the evidence and all reasonable inferences therefrom must be considered most favorably to the verdict and conflicting evidence and inferences disregarded. *State v. McGee*, 592 S.W.2d 886 (Mo.App.1980). The following is a brief summary of the evidence so considered.

On April 10, 1982, Deputy Sheriff McGuire saw the defendant driving a pickup truck in Poplar Bluff. The pickup bore no license plate. McGuire stopped the defendant. McGuire then saw a temporary permit in the window. However, in response to a question, the defendant told McGuire he had no driver's license. By radio, McGuire learned the defendant was wanted on a felony warrant. McGuire ar-

rested the defendant and took him to the county jail.

Soon after the defendant had been stopped, McGuire was joined by city policeman Adams who participated in the defendant's arrest. The defendant's pickup was partially blocking a public street. Nevertheless, the defendant was told he could have someone get the pickup if it was done quickly. The pickup was locked and the defendant took the keys. Later, Adams, on patrol, drove by the pickup several times. From the jail, the defendant called his aunt to move the pickup. Before the aunt arrived at the jail, McGuire received a call from Adams. McGuire then determined to impound the pickup. McGuire met Adams at the pickup. Adams had called a tow truck operator to impound the pickup. The pickup was opened by a "slim jim." In making a routine inventory search before the impoundment, McGuire found three or four marijuana cigarette butts in the ashtray and a brown bag containing 60 individual packets of marijuana behind the seat.

■ Five of the defendant's points are based in whole or part upon his contention the warrantless search of the pickup was contrary to the Fourth Amendment. The propriety of an inventory search prior to impoundment of a motor vehicle was the subject of recent consideration by this court. *State v. Williams*, 654 S.W.2d 238 (Mo.App.1983). The inventory search of defendant's pickup is readily distinguishable from the search in that case by reason of the principal basis of *State v. Williams*, supra. In this case, the routine search extended only to the passenger compartment of the pickup. Under *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), and the authorities cited in *State v. Williams*, the routine inventory search of the defendant's pickup did not infringe upon the Fourth Amendment.

■ Even recognizing those authorities, the defendant yet contends the search was invalid because of the motivation of the officers. This contention is invalid under *Scott v. United States*, 436 U.S. 128, 98

S.Ct. 1717, 56 L.Ed.2d 168 (1978). Further, it has no real factual basis. When the defendant was personally searched at the jail, a partially smoked marijuana cigarette was found in his pocket. In response to a question, McGuire stated it was not determined to impound the pickup until after the marijuana cigarette butt was discovered in the defendant's pocket. The defendant insists this evidence conclusively establishes the impoundment of the pickup was subterfuge. However, the defendant ignores the following additional facts. It was 45 minutes to an hour from the time the defendant was arrested until a determination was made to impound the pickup. The pickup partially was blocking a public street. McGuire clearly testified no determination was made to impound the pickup until after he received the call from officer Adams, who called for a tow truck. All the evidence clearly supports a conclusion the pickup was impounded because officer Adams determined the pickup had partially blocked a public street for an unreasonable length of time.

■ By five points, the defendant seeks reversal because of the composition of the jury or the manner in which it was selected. He first asserts the panel should have been quashed because the trial court excused two jurors for cause and peremptorily struck six additional jurors, leaving only 18 veniremen. It is the burden of an appellant to present to this court a record of the action he seeks to have reviewed. *State v. Clark*, 522 S.W.2d 332 (Mo.App. 1975). This point must be denied because the defendant failed to present a record of the action of the trial court of which he complains. Further, this point is apparently incorporated in his complaint that he was allowed only three, rather than six, peremptory challenges as prescribed by § 546.180.1. The state agrees the defendant was entitled to six peremptory challenges. *State v. Morrison*, 557 S.W.2d 445 (Mo. banc 1977). However, the state contends that both of the above points were waived because the defendant made no objection to the panel before the jury was

selected and impaneled and the trial commenced. At one point the defendant complained that he wished to examine all 42 persons whose names had been supplied to him before striking for cause or any other reason. The record does not contain any further clue to what 42 persons he referred. His remarks are not shown to have been directed to the panel that appeared for his trial. From the record presented, it may be reasonably concluded it was a list of potential jurors containing the names of those summoned and those not summoned for the panel for his trial. Later, when the trial court erroneously announced the defendant would be limited to three strikes, he made no objection to the panel or request for corrective action. In fact, he made no objection to the number of strikes he was allowed but proceeded to raise other objections. The state's contention is valid. *State v. Mitchell*, 611 S.W.2d 223 (Mo. banc 1981); *State v. Granberry*, 484 S.W.2d 295 (Mo. banc 1972); *State v. Francis*, 544 S.W.2d 306 (Mo.App.1976); *State v. Thomas*, 530 S.W.2d 265 (Mo.App.1975), aff'd. 548 S.W.2d 564 (Mo. banc 1977).

■ The defendant's other three points concerning the composition of the jury are premised upon the fact he is a black and there was no black on the jury. He first states that because of this fact, the jury was per se so prejudiced as to require reversal. He cites *Pogue v. Swink*, 365 Mo. 503, 284 S.W.2d 868 (1955). That case in no way supports the defendant's assertion. The point states no basis for relief. Systematic exclusion of blacks was not alleged or demonstrated. *State v. Mitchell*, supra; *State v. Granberry*, supra; *State v. Strawther*, 476 S.W.2d 576 (Mo.1972).

■ The defendant next asserts error because after the voir dire, the trial court excused the only black on the panel. After the completion of the voir dire, the prosecuting attorney asked that this juror be excused for cause. This request was denied. While there is no record of that action, it may be surmised the trial court then excused this prospective juror on its own motion. Again, the point is properly denied because the defendant has failed to present a record of these proceedings to this court. *State v. Clark*, supra. Further, the complaint is groundless. There is not even an attempt to show the action of the trial court was the result of an improper basis. *Brown v. State*, 470 S.W.2d 543 (Mo.1971); *State v. Dodson*, 595 S.W.2d 59 (Mo.App.1980); *State v. Upshaw*, 619 S.W.2d 925 (Mo.App.1981). For his last complaint concerning the jury, the defendant asserts reversible error because Doug Matthews did not appear for the panel. He buttresses this conclusion by the fact Doug Matthews is black. This point has no legal basis. The defendant had no right to have any particular individual serve on the jury. *State v. Dodson*, supra. Whether or not Matthews had been selected and summoned for jury service, the record leaves to speculation. Apparently, he had been so chosen. Actuality demonstrates the speciousness of the defendant's assertion. Personnel of the court made several trips on November 9, 1982, and an additional trip on November 10, 1982 to Matthew's residence to secure his attendance at the defendant's trial on November 10, 1982. The fact Doug Matthews did not appear is not a scintilla of evidence there was a systematic exclusion of blacks.

■ The defendant also asserts error because each of three witnesses was permitted to testify the substance in the brown bag was marijuana. His objection was and is that none of the witnesses was qualified to give such an opinion. McGuire had been in law enforcement almost three years. Without objection, he testified he had made numerous arrests involving marijuana. He was familiar with the appearance and smell of marijuana. He had received training through the Missouri Highway Patrol that enabled him to identify marijuana. The trial court did not abuse its discretion in determining McGuire was qualified to give such an opinion. *State v. Rhone*, 555 S.W.2d 839 (Mo. banc 1977); *State v. Neal*, 624 S.W.2d 182 (Mo.App.1981). The same is true of police officer James who was, in addition, a graduate of the Missouri State

Highway Patrol Narcotic Investigation Academy. Briner's qualifications were as follows: Director of the Southeast Missouri Regional Crime Laboratory; Ph.D. in biochemistry; member of the American Academy of Forensic Science; member of the National Organization of Forensic Science; President of the Mid-West Association of Forensic Sciences and President of the Missouri Laboratory Association. He frequently tested substances for marijuana. The defendant's objection to his qualifications is patently unfounded.

■ The defendant by a separate point asserts reversible error because Dr. Briner was permitted to testify that marijuana was a controlled substance. The jury was instructed the defendant was guilty if he possessed more than 35 grams of marijuana and was aware of the character of the substance and knew he possessed it. If it was error to admit that testimony, it did not prejudice the defendant and is no basis for reversal. *State v. Fletcher,* 619 S.W.2d 57 (Mo. banc 1981).

■ The defendant contends there was error because the jury was permitted to see the brown bag and the marijuana. He argues this exhibit tended to inflame and prejudice the jury. It was not error to admit and permit the jurors to see the most material evidence in the case. *State v. Murphy,* 610 S.W.2d 382 (Mo.App.1980). Nor was this exhibit inadmissible because Ijames, after testifying the brown bag appeared to be the bag and substance he tested, could not say the plastic bag that contained that evidence was the identical container he first saw. The evidence established a chain of custody from McGuire to Ijames, from Ijames to Long, from Long to the state laboratory, from the state laboratory to Johnson and from Johnson to McGuire who presented the exhibit in court. This clearly was a sufficient chain of custody. *State v. Pernell,* 606 S.W.2d 389 (Mo.App.1979); *State v. Roper,* 591 S.W.2d 58 (Mo.App.1979).

■ The defendant's contention of error because the prosecuting attorney in closing argument referred to the marijuana cigarette butts in the ashtray is equally without merit. His basis for this point is the failure of the state to introduce the ashtray and its contents into evidence. The invalidity of the point is established by the fact that McGuire, without objection, testified he found three or four butts of marijuana cigarettes in that ashtray. The defendant's complaint the instructions did not include a definition of the term "possessed" is equally without foundation. He argues this was error because the state did not request a definition of that term. It is sufficient to observe that Note on Use 3 to MAI–CR2d 32.06 directs that a definition of possession shall be given upon the request of "the state or by the defendant." The defendant does not contend he made such a request. Nor has he otherwise established the necessity of definition of that term which, as used in this case, carried a commonly understood meaning. *State v. Abram,* 537 S.W.2d 408 (Mo. banc 1976); *State v. Ogle,* 627 S.W.2d 73 (Mo.App. 1981).

■ Finally, the defendant contends the evidence is not sufficient to support his conviction. He principally argues the legal precepts surrounding a case based upon substantial evidence. He emphasizes the evidence that he purchased the pickup truck only three days before his arrest. He testified that, to his knowledge, there was no marijuana in the pickup. Considering all of the evidence, the jury could have reasonably found the marijuana was in the passenger compartment, within ready access of and under the control of the defendant. The defendant's possession and awareness of the bag of marijuana was confirmed by the partially smoked marijuana cigarettes in the ashtray and in his pocket. The evidence was sufficient to support the defendant's conviction. *State v. Edwards,* 317 S.W.2d 441 (Mo. banc 1958); *State v. Sledge,* 471 S.W.2d 256 (Mo. 1971); *State v. Gibbs,* 600 S.W.2d 594 (Mo. 1980); *State v. Stewart,* 542 S.W.2d 533 (Mo.1976). The judgment is affirmed.

CROW, P.J., GREENE, C.J., and FLANIGAN and PREWITT, JJ. concur.