STATE of Missouri,
Plaintiff-Respondent,

v.

Allen Lee HARRINGTON,
Defendant-Appellant.

No. 13561.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 22, 1984.

No appearance, for plaintiff-respondent.

Theodore G. Scott, Buffalo, for defendant-appellant.

GREENE, Judge.

Allen Lee Harrington was jury-convicted of first offense possession of marijuana in an amount less than 35 grams, a misde-

meanor, §§ 195.020 and 195.200.1(1)(a),[1] and sentenced by the trial court to 90 days' imprisonment in the county jail.

In his appellate brief, Harrington alleges that the trial court erred in 1) failing to suppress, and admitting into evidence, marijuana taken from the automobile he was driving when arrested, and 2) entering a judgment of conviction because the state failed to prove that he had knowingly and intentionally possessed the marijuana found in the automobile.

■ The prosecuting attorney, who represents the state in misdemeanor appeals, has not filed a respondent's brief, although the allotted time for him to do so is long past. It would seem that if the state was serious enough about this case to prosecute it, it would be serious enough to try and justify the conviction, instead of leaving to us the task of analyzing defendant's arguments without the benefit of the state's point of view. Although there is no penalty prescribed for failure of the respondent state to file a brief after appeal of a conviction in a criminal case, we cannot understand why a prosecutor would neglect his statutory duty to see that the state was adequately represented through the entire criminal proceeding. *State v. Michaels*, 543 S.W.2d 245, 247 (Mo.App.1976).

Harrington was arrested by a state highway patrolman after a high speed chase of over five miles, and was charged with multiple traffic offenses. After Harrington's automobile was stopped, a radio call from the Dallas County Sheriff instructed, "Be sure and look at this vheicle [sic] and look at this subject, he's a known narcotics user." A search of the car produced a plastic bag containing less than 35 grams of marijuana (exhibit 3) from under the front seat. Harrington was taken to the Dallas County jail. During a custody search of his clothing, marijuana seeds (exhibit 4) and marijuana residue (exhibit 5) were found in his coat pockets.

The automobile Harrington was driving when arrested belonged to his father, who had loaned it to defendant because Harrington's car was broken down.

■ Before trial, Harrington's counsel filed a motion to suppress the use of the marijuana as evidence on the grounds that the evidence was obtained as a result of an unlawful warrantless search. The three exhibits were received in evidence at trial without objection. Where, as here, defendant raised the point of unreasonable search and seizure in a motion to suppress, and complained of the adverse ruling on it in his motion for new trial, but failed to object to the introduction into evidence of the questioned articles when they were offered at trial, any alleged error in admitting the items in evidence was not preserved for review. *State v. Yowell*, 513 S.W.2d 397, 402–403 (Mo. banc 1974).

Defendant's theory in his second point relied on is based on the unchallenged evidence the car he was driving was owned and generally driven by his father. This, it is argued, negates any inference of knowing possession which might arise from Harrington's being in exclusive control of the vehicle at the time. Both father and son denied knowledge of the marijuana.

■ It is true that the state must prove in a criminal prosecution for possession of a controlled substance that the possession was the knowing and intended act of the defendant. *State v. Arbeiter*, 664 S.W.2d 566, 569 (Mo.App.1983). Such proof often depends on circumstantial evidence. *State v. Barber*, 635 S.W.2d 342, 343 (Mo.1982); *State v. Gibbs*, 600 S.W.2d 594, 599 (Mo.App.1980). In our opinion, several circumstances made the case submissible on the issue of exclusive possession.

■ First, defendant tried to flee from and evade his pursuer. Such conduct is evidence of guilt and is circumstantial evidence supporting a finding of knowing possession of contraband. *State v. Brown*, 624 S.W.2d 543, 545 (Mo.App.1981); *State v. Roberts*, 524 S.W.2d 174, 175 (Mo.App. 1975). Second, apparent ease of access to

1. All references to statutes are to RSMo 1978, V.A.M.S., as amended 1982.

the unlawful substance possessed may be viewed as an incriminating fact. *State v. West,* 559 S.W.2d 282, 284 (Mo.App.1977). Finally, where marijuana is found in a vehicle under circumstances allowing the defendant to claim he has not been in exclusive recent possession of the vehicle, the additional finding of marijuana products on the person of the defendant tends to confirm his possession and awareness of the original cache. *State v. Britton,* 666 S.W.2d 11, 16 (Mo.App.1984).

Furthermore, defendant was charged by information with the misdemeanor of knowingly possessing marijuana in Dallas County on or about January 18, 1983. No particular marijuana was alleged. There was evidence that the marijuana residue (exhibit 5) consisted of plant material taken from defendant's coat pocket and that it weighed one-half of one-tenth of a gram.[2] Although defendant contends this is too "infinitesimal" a quantity to support a possession conviction itself, the statute sets no threshold minimum. Indeed, the finding of very small amounts of marijuana in pocket debris has been deemed sufficient to support a possession conviction. *State v. McAllister,* 468 S.W.2d 27 (Mo.1971). In that case, traces were found in several pockets but only one such sample was sufficient in quantity to weigh, the weight thereof being four milligrams. That is but a fraction of the amount of marijuana found in Harrington's pocket.

There is no merit to either of defendant's points in this appeal. The conviction is affirmed.

TITUS, P.J., and FLANIGAN, J., concur.

---

**2.** The plant material of exhibit 5 was exclusive of a quantity of marijuana seeds (one-half gram) also found in defendant's pockets. It is unnecessary to consider the contention that the lack of evidence of the seeds' viability prohibits the use of the seeds as a basis for conviction. *See* § 195.010(22).