STATE of Missouri, Respondent,

v.

Alfred HYATT, Appellant.

No. WD 37655.

Missouri Court of Appeals,
Western District.

Aug. 6, 1986.

**424**

George M. Ely, Hamilton, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and DIXON and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Defendant Alfred Hyatt appeals from a conviction for felony assault in the second degree in violation of § 565.060, RSMo 1978. After jury verdict, the trial court sentenced Hyatt as a persistent offender to ten years' imprisonment. The first issue on appeal relates to testimony of a police officer concerning statements made by Hyatt to police officers after the assault occurred. A second issue concerns whether the trial court should have instructed the jury on the lesser included offense of assault in the third degree.

The evidence in support of the verdict is the victim, Rodney Cranmer, was in the Water Hole, a tavern in Chillicothe, during the evening hours of March 16 and the early hours of March 17, 1985. Around midnight, Cranmer was seated at the bar located near a pool table. He saw Hyatt grab a 10 year old boy by the head and push the boy along the side of the pool table. Cranmer stood up and said "Hey" to Hyatt. Hyatt then swung his pool cue at Cranmer, missing Cranmer on the first swing but hitting him on the head on the second swing. The pool cue broke, leaving Hyatt holding a four foot piece with a broken and pointed end.

Cranmer then struck Hyatt in the face with his fist and both went to the floor. At this point Hyatt attempted to stick the broken end of the pool cue in Cranmer's throat, leaving a small cut on the side of his neck. Other patrons broke up the fight by pulling the two apart, after which Hyatt threw some pool balls and a bar stool around the bar. Hyatt then tried to start a fight with another customer, who eventually punched Hyatt in the face. Hyatt finally was restrained by another customer, who held him until police arrived a few minutes later. The attack upon Cranmer with the pool cue formed the charge in this case.

Hyatt's first point states the trial court erred in allowing certain rebuttal testimony of police officer Knouse, who arrived at the Water Hole fifteen to twenty minutes after the fight started and about five minutes after the police were called. The testimony concerned statements made by Hyatt to Knouse and another police officer. Knouse was arriving and Hyatt leaving the Water Hole when the statements occurred. The testimony, objected to by the defendant for being irrelevant, immaterial and prejudicial is set out below:

Q. (By Mr. Elliott) What did you say to Mr. Hyatt or what did he say to you after you asked him what the problem was?

.   .   .   .   .

THE WITNESS: He said, "What's your problem, Puss?"

Q. (By Mr. Elliott) Officer Knouse, what else did he say to you?

A. Well—

Q. Please tell us. I know it won't be easy, but please tell the Ladies and Gentlemen of the jury what he said to you or what the defendant said?

A. Whenever I had Mr. Hyatt—had him going toward his car he turned to me and stated, "I'm going to fuck you next and your're going to like it."

Q. Did he say anything else while you were there?

A. Officer Sampsel was there also, and he told Officer Sampsel that he was going to suck his dick and he was going to like it.

The state answers that the statements were relevant under the res gestae exception to the hearsay rule.

■ Nevertheless, the testimony was relevant to refute evidence offered by the defendant. Officer Knouse's testimony was offered in rebuttal rather than in the state's case in chief. The scope of rebuttal testimony rests within the broad discretion of the trial court, and the appellate court will not interfere in the absence of abuse of discretion. *State v. Crain*, 638 S.W.2d 761, 762–63 (Mo.App.1982). Furthermore, competent testimony which tends to explain, counteract, repel or disprove evidence offered by the defendant may be offered in rebuttal. *State v. Martin*, 651 S.W.2d 645, 653 (Mo.App.1983).

The defense put on evidence from three individuals—Chester McCracken, Dorothy McCracken and Vickie Riddle. Chester testified he was playing pool with Hyatt when he noticed Hyatt arguing with Cranmer. His testimony was "all these guys jumped on him," and Hyatt never had a chance to swing the pool cue at Cranmer. According to Chester, Hyatt "didn't have time to do nothing." Chester also testified he never saw Hyatt push a little boy, and the little boys in the bar "weren't around the pool table while we were shooting pool."

Dorothy testified she was watching Chester and Hyatt play pool, and though she did not see the start of the fight, she saw four people hit the floor but did not see Fred hit anyone. Vickie's testimony was when she heard about the fight, she went over to the area of the fight and saw Hyatt pinned to the floor by three or four other people.

The gist of the evidence offered by the defendant was that Hyatt did not instigate the fight, did not hit Cranmer with the pool cue, did not throw anything after the fight, and in fact was jumped by other customers in the bar. The inference is Hyatt was not the aggressor or antagonist in this incident but was acting in self-defense. Hyatt's evidence portrayed him as a passive victim. Hyatt's statements to the police tended to prove that such was not the case. His statements tended to show Hyatt was exhibiting aggressive behavior. In any event, the nature of the statements tended to dispel the inference that Hyatt acted in self-defense and did nothing to initiate the fight.

Finally, it should be noted that the police arrived at the scene in response to a call. Hyatt was not under arrest when he made the statements to the officers. Hyatt left the parking lot and was not arrested for several days. If Hyatt was the victim, as he suggests his reaction to the police impresses this court as most unusual. The facts here are similar to those in *State v. Brown*, 624 S.W.2d 543, 545 (Mo.App.1981), where the defendant exhibited bizarre behavior and hurled obscenities at the police prior to his arrest. The court noted evidence need not be compelling to be relevant; that is to prove or disprove any fact in issue, and it found no error in overruling the defendant's objections. *Id.* In *Brown*, one of the elements of the crime there, possession of a controlled substance was whether the defendant's possession was intentional. *Id.* In the case at bar, the elements of assault in the second degree under § 565.060 are knowingly or recklessly causing physical injury to another by means of a deadly weapon or dangerous instrument. Hyatt's conduct and comments here in question relate to his intentional commission of the charged assault and his objections were properly overruled. *State v. Hemphill*, 699 S.W.2d 83, 85 (Mo. App.1985). The first point is denied.

Hyatt's second point charges trial court error in refusing to instruct on the lesser included offense of assault in the third degree, a misdemeanor, in that the lesser included offense was supported by the evidence. The court gave MAI–CR 2d 19.02.2, assault in the second degree, as the verdict

directing instruction, which reads as follows:

Instruction No. 5

If you find and believe, from the evidence beyond a reasonable doubt:

First, that on or about the 17th day of March, 1985, in the County of Livingston, State of Missouri, the defendant attempted to cause physical injury to Rodney Cranmer by means of a dangerous instrument, and

Second, that the defendant is not entitled to an acquittal by reason of Instruction No. 7 then you will find the defendant guilty of assault in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The defendant offered MAI–CR 2d 19.-06.1, assault in the third degree, which when modified read as follows:

Instruction No. _

If you do not find the defendant guilty of assault in the second degree, then you must consider whether he is guilty of assault in the third degree.

If you find and believe from the evidence beyond a reasonable doubt:

First that on March 17, 1985, in the County of Livingston, State of Missouri, the Defendant attempted to cause physical injury to Rodney Cranmer by wrestling with him on the floor, and

Second, that the Defendant did not act in lawful self defense as submitted in the Instruction No. _, then you will find the defendant guilty of assault in the third degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

■ The trial court must instruct the jury on all lesser included offenses supported by the evidence. Failure to do so is error. *State v. Story*, 646 S.W.2d 68, 73

(Mo. banc 1983). However, an instruction on a lesser included offense is required only where an evidentiary basis exists for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. *State v. Olson*, 636 S.W.2d 318, 321 (Mo. banc 1982).

■ Section 556.046.2, RSMo 1978, which relates to included offenses, provides:

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for verdict acquitting the defendant of the offense charged and convicting him of the included offense.

Under § 556.046.2, the trial court was not obligated to instruct on the lesser included offense. There was an evidentiary basis for a verdict acquitting Hyatt of assault in the second degree. This evidence was offered by way of Hyatt's three witnesses. In essence, the testimony was to the effect that Hyatt was not the aggressor, or that after the scuffle had started the witnesses did not see a pool cue in Hyatt's hands. His evidence was several bar patrons jumped Hyatt and pinned him to the floor before he had a chance to do anything. Based on this evidence the jury, had it believed the testimony, could have acquitted Hyatt.

■ However, no evidentiary basis existed for convicting Hyatt of the lesser included offense of an assault without the pool cue. The state's evidence revealed Hyatt attacked Cranmer with a dangerous weapon. Although third degree assault is a lesser included offense of second degree assault, the defense of self defense in and of itself does not warrant an instruction on third degree. *State v. Dunlap*, 639 S.W.2d 201, 206 (Mo.App.1982). The defendant's evidence was Hyatt had time to do nothing before the others jumped him and pinned him down. There was no evidence offered whereby the jury could convict Hyatt of third degree assault by attempting to cause physical injury to Cranmer by wrestling with him on the floor. Hyatt was guilty of

second degree assault or not guilty by reason of self defense, *State v. Dunlap, supra,* at 206. On the evidence in this case, the trial court did not err in refusing to submit the lesser included offense instruction.

The judgment is affirmed.

All concur.